# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY LEE BROWN** | : | **DOCKET NO. 2:18-cv-1544** |
| **D.O.C. # 32084** | | **SECTION P** |
| **VERSUS** | : | **CHIEF JUDGE HICKS** |
| **DARRELL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jeremy Lee Brown, who is proceeding *pro se* in this matter. Brown is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

Following a jury trial in the 33rd Judicial District Court, Allen Parish, Louisiana, Brown was convicted of two counts of first degree murder and one count of obstruction of justice on May 25, 2012. *State v. Brown*, 2013 WL 1319551, at *1 (La. Ct. App. 3d Cir. Apr. 3, 2013). These charges related to the death of his mother and stepfather. *Id.* Brown was sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence on the first degree murder convictions and a ten-year term of imprisonment on the obstruction of justice conviction,

with all sentences to be served concurrently. *Id.* He sought review in the Louisiana Third Circuit Court of Appeal, raising the following assignments of error: (1) the convictions were based on insufficient evidence; (2) that the trial court erred in denying his motion for mistrial based on the allegedly prejudicial remarks in the state's closing argument; and (3) that his right to a fair trial was violated when the Third Circuit granted the state's writ of supervisory review and reversed the trial court's decision to bar evidence of other crimes. *Id.* at *2–*10. The Third Circuit considered these claims on the merits and denied relief. *Id.* Brown states that he filed a writ application in the Louisiana Supreme Court for this decision and was denied same on November 5, 2018, but the Louisiana Supreme Court decision for that date relates to his application for post-conviction relief. *State ex rel. Brown v. State*, 2018 WL 5962537 (La. Nov. 5, 2018).

Brown states that he also filed a motion for post-conviction relief in the trial court on some unspecified date. Doc. 1, att. 2, p. 156. According to the Louisiana Third Circuit, that application was denied on October 5, 2016. *Id.* at 167. The Third Circuit denied review of his claims on July 7, 2017, and described his claims for relief as alleged constitutional violations based on (1) juror misconduct, (2) an illegal arrest, (3) prosecutorial misconduct and perjured testimony, and (4) ineffective assistance by appellate counsel. *Id.* On November 5, 2018, the Louisiana Supreme Court denied review without comment. Doc. 1, att. 2, p. 180; *Brown*, 2018 WL 5962537, at *1. Brown filed the instant petition for writ of habeas corpus on November 15, 2018,[1] and asserts only a claim of juror misconduct based on his belief that the others are unexhausted. Doc. 1.

---

[1] Date of filing calculated under the prison mailbox rule, based on the date Brown placed his petition in the prison mailing system. Doc. 1, p. 15.

# II.
## LAW & APPLICATION

### A. Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final, which includes the period for filing certiorari in the United States Supreme Court. *Id.*; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott*, 192 F.3d at 512. However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and

the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

Brown timely appealed his conviction to the Louisiana Third Circuit, but it does not appear that he ever sought review of that court's April 3, 2013 denial of relief. His conviction became final under Louisiana Supreme Court Rule X, § 5(a), on May 3, 2013, when his time for seeking review in the Louisiana Supreme Court expired. Ten days accrued against § 2244(d)'s one-year limitations period between the Louisiana Supreme Court's denial of review on his application for post-conviction relief and the filing of this petition. This petition will be untimely unless the application for post-conviction relief was **properly** filed in the trial court by April 23, 2014 (355 days after the conviction became final). Accordingly, Brown must show the date that his application for post-conviction relief was filed in the trial court and whether that filing was rejected on any procedural basis. In the event that filing date renders his petition untimely, he must also assert any grounds for equitable tolling of the statute of limitations.

### III.
#### CONCLUSION

Brown's petition is deficient as described above. He must amend his complaint as described above in order to show that the petition is not time-barred.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Brown at his last address on file.

**IT IS ORDERED** that Brown amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Brown is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 29th day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE