UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY L. BROWN** | : | **DOCKET NO. 2:18-cv-1544** |
| **D.O.C. # 324084** | | |
| **VERSUS** | : | **JUDGE CAIN** |
| **DARRELL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus [doc. 1] filed by pro se petitioner Jeremy L. Brown ("petitioner"). The petitioner is an inmate in the custody of the Louisiana Department of Safety and Corrections. The respondent opposes the petition [doc. 12]. The petition is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that all claims be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

*A. Conviction*

The petitioner was indicted on August 27, 2008, on two counts of first-degree murder, one count of theft over $500, and one count of obstruction of justice. Doc. 1, att. 2, p. 84; Doc 12, att. 1, p.3; *see State v. Brown,* 2013 La. App. Unpub. LEXIS 221, 12-1023 (La.App. 3 Cir. 04/03/13), 2013 WL 1319551. The indictment alleged that, between Tuesday night, June 17, and Wednesday morning, June 18, 2008, petitioner murdered his sixty-seven-year-old mother and seventy-nine-

-1-

year-old stepfather in their home, took items out of the house that would incriminate him in the crimes, put them in the trunk of the victims' car, and attempted to sell the car two days later. *Brown*, 2013 La. App. Unpub. LEXIS 221, at *3.

A jury trial commenced on May 21, 2012, and on May 25, 2012, petitioner was found guilty on all counts. *Id.* at *2. On May 31, 2012, Defendant filed a "Motion for Judgment of Acquittal" and a "Motion for New Trial," which were denied by the trial court prior to the sentencing hearing. On June 26, 2012, petitioner was sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentences on the two convictions for first degree murder. *Id*. He was also sentenced to ten years at hard labor on each of the theft and the obstruction convictions, sentences to be served concurrently. *Id*.

### B. Direct Appeal

Petitioner, through counsel, timely filed a direct appeal in the Louisiana Third Circuit Court of Appeal raising three assignments of error: (l) trial court erred in denying his motion for mistrial based on the prosecutor's repeated reference in closing argument that the petitioner wanted to "throw the black man under the bus. Not the white guy who did it. Let's throw the black man under the bus;" (2) that *State v. Prieur* and its progeny required that the other crimes evidence of the petitioner's prior manslaughter conviction not be admitted into evidence during the State's case-in-chief; and (3) insufficient evidence. Id. at *3. The appellate court affirmed the conviction on all counts on April 3, 2013. He did not seek review in the Louisiana Supreme Court.

### C. State Collateral Review

The petitioner filed a pro se application for post-conviction relief in the state district court, on or about September 21, 2013, raising one claim, that he had an unfair jury trial/biased jury/jury misconduct. Doc. 1, att. 2, p.8. Following an evidentiary hearing, the state district court denied

the application on October 5, 2016. Doc. 15-7, pp. 166-2011. The petitioner then sought writs in the Third Circuit Court of Appeal, raising the jury misconduct/jury bias issue, as well as illegal arrest, prosecutorial misconduct and ineffective assistance of counsel. Doc. 1, att. 2, pp. 3-30. The Third Circuit denied his writ on the jury issue and remanded the remaining claims to the trial court for a ruling, finding that the trial court's October 5, 2016 ruling did not address them. Doc. 1, att. 2, p. 167.

The petitioner then sought a writ of review in the Louisiana Supreme Court, wherein he raised the sole issue of jury misconduct/jury bias [Doc. 1, att. 2, pp. 156-, 165]. The Supreme Court denied same on November 5, 2018. *Id.* at 180.

### D. *Federal Habeas Petition*

The instant petition was filed in this court on November 20, 2018, and raises the sole issue of jury misconduct/jury bias. Doc. 1.

## II.
## LAW & ANALYSIS

### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at

the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion and Procedural Default

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

#### 1. Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v.*

*Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. *Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a

jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C. General Principles

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's

burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.
### LEGAL ANALYSIS

#### A. *Timeliness*

Brown's conviction became final on May 2, 2013, when his 30-day window for seeking review in the Louisiana Supreme Court expired. La. Sup. Ct. R X § 5(a). Accordingly, **140 days** accrued against § 2244(d)'s one year limitations period before he filed his application for post-conviction relief in the trial court on September 20, 2013. The limitations period was then tolled until the Louisiana Supreme Court's decision on November 5, 2018, and an additional **15 days** accrued against the one year limit before Brown filed his federal habeas petition on November 20, 2018. Therefore only **155 days** have accrued against the one-year limit and the matter is timely.

#### B. *Exhaustion and Procedural Default*

Finding that the application was timely, we next apply the doctrines of exhaustion of state court remedies and procedural default in order to determine whether we can proceed to the merits of the claim. Upon our review of the appellate record, we find that he properly sought review on the sole issue of jury misconduct/jury bias at every level of the state court in his post-conviction proceedings. He has therefore exhausted his state court remedies. In addressing the merits of the claim now raised in his federal habeas petition, the state court found no procedural defects and denied the claim on the merits. Therefore we find no grounds for procedural default

#### C. *Merits Consideration*

Petitioner raises one issue in the present petition, that there was jury misconduct/jury bias. During deliberations, but prior to a vote and while on break, the jury foreman told another juror about a 1989 murder investigation, in which petitioner was a chief suspect, but never arrested or charged. Petitioner believes that this "poisoned' the minds of the jurors.

The Sixth and Fourteenth Amendments guarantee a criminal defendant in state court the right to an impartial jury. *Mu'Min v. Virginia*, 111 S. Ct. 1899 (1991) (citing *Ristaino v. Ross*, 96 S. Ct. 1017 (1976)); *King v. Lynaugh*, 850 F.2d 1055, 1058 (5th Cir. 1988). "One touchstone of a fair trial is an impartial trier of fact, a 'jury capable and willing to decide the case solely on the evidence before it.'" See *McDonough Power Equipment, Inc. v. Greenwood,* 104 S. Ct. 845 (1984) (citing *Smith v. Phillips*, 102 S. Ct. 940 (1982)) (due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to determine the effect of any prejudicial occurrences); *Irvin v. Dowd*, 81 S. Ct. 1639 (1961) (juror who has formed an opinion cannot be impartial; due process requires verdict to be based only upon the evidence developed at trial.) Voir dire examination protects fair trial rights by exposing potential juror's possible biases, both known and unknown. Demonstrated bias in the responses to voir dire questions may result in a juror being excused for cause; hints of bias insufficient to strike for cause may assist parties in exercising their peremptory challenges. *Greenwood*, 464 U.S. at 554.

The standard for determining if a juror was biased is "whether the prospective 'juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000) (quoting *Wainwright v. Witt*, 105 S. Ct. 844 (1985)). A juror is not biased if he can "lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin*, 366 U.S. at 723. While inclusion of a biased person on a criminal jury effectively denies the defendant the right to a fair trial, *U.S. v. Scott*, 854 F.2d 697, 698 (5th Cir.1988), only extreme situations justify such a finding. *Andrews v. Collins*, 21 F.3d 612, 620 (5th Cir.1994), *cert. denied*, 115 S. Ct. 908 (1995). Such extreme situations might include revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the

criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction. *Andrews*, 21 F.3d at 620 (citing *Smith*, 455 U.S. at 222); *Solis v. Cockrell*, 342 F. 3d 392, 396 (5th Cir. 2003), *cert. denied*, 124 S. Ct. 1149 (2004). Juror bias may be actual or implied; i.e., it may be bias in fact or bias conclusively presumed as a matter of law. *Solis*, 342 F. 3d at 395; *Brooks v. Dretke*, 444 F.3d 328, 329-30 (5th Cir. 2006). A court may find implied bias as a matter of law only in extreme situations where "no reasonable person could not be affected in his actions as a juror and in which the Constitution refuses to accept any assurances to the contrary." *Brooks*, 444 F.3d at 331.

The United States Court of Appeals for the Fifth Circuit has explained the deferential standard of review under the AEDPA in the context of a claim of juror bias as follows:

> Juror bias vel non is a finding of fact. Pursuant to AEDPA, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.' 28 U.S.C. § 2254(e)(1) (emphasis added). Accordingly... to succeed on his juror-bias claim, [petitioner] must show "the adjudication of the claim [on the merits in State court proceeding] ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2) (emphasis added).

*White v. Quarterman*, 275 F. App'x 380, 381 (5th Cir. 2008) (citing *Patton v. Yount,* 467 U.S. at 1036; *Virgil v. Dretke*, 446 F.3d 598, 610 n.52 (5th Cir. 2006)) (second ellipsis in original).

Brown asserted this claim in his state past-conviction proceedings. An evidentiary hearing was held on October 5, 2016. Petitioner's trial counsel was questioned as was Ms. Manuel, the member of the jury who claimed to have heard the jury foreman discuss a 1989 murder in which petitioner was a chief suspect, but never arrested or charged. Ms. Manuel testified:

> Q: Did anything you heard in that courtroom other than the evidence presented in court have any bearing on the way that you voted in this case?

>   A:   No.
>
>   Q:   Okay. Did anyone in that jury mention that it made any difference?
>
>   A:   No.

Doc. 15, att. 7, p. 192, lines 15-21. At conclusion of the hearing the state district court stated:

> Well, the Court has heard testimony today alleging that Petitioner's 14th Amendment has been violated in that he was denied a fair or an impartial trial because one of the jurors prior to deliberation made a comment that Mr. Brown was a suspect - - I am really not clear as to exactly, precisely, what the juror has alleged to have said - - but was a suspect or may have been involved in another killing.  The comment was made to Ms. Helen Manuel, as she testified.  The evidence is really not clear as to whether other members of that jury heard those comments.  Ms. Manuel testified that the comments made by the juror had no bearing on her decision and vote of verdict in this matter.

*Id*. at p. 199, lines 17-28.

Petitioner has the burden of proof, and that burden of proof is by a preponderance of the evidence. Based on the juror's own testimony, petitioner is unable to establish that the information prevented or substantively impaired her from performing her juror duties. *Soria*, *supra*. Mr. Brown was convicted by a jury of twelve and the verdict was unanimous. The Court is of the opinion that Petitioner has failed in his burden to establish that his 14th Amendment rights have been violated as alleged in his Post Conviction Relief Application. The state district court's finding that there was insufficient evidence to find that the jury was partial or biased is a finding of fact entitled to deference by this court.

For the foregoing reasons, the evidence submitted by Brown falls substantially short of establishing juror misconduct or bias, and denial of relief on this claim by the state courts was not clearly contrary to Supreme Court precedent or unreasonable factfinding. Federal habeas relief is, therefore, unwarranted on this claim.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 23rd day of September, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE